**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARCUS E. LOLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-136-JHP-FHM |
| ) | |
| THE STATE OF OKLAHOMA; ) | |
| STUART L. TATE, Special Judge; ) | |
| MIKE FISHER, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On March 16, 2017, Plaintiff, a prisoner in custody of the Oklahoma Department of Corrections and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). By Order filed March 21, 2017 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and required payment of an initial partial filing fee. On April 20, 2017, Plaintiff paid the initial partial filing fee. See Dkt. # 5. For the reasons discussed below, the complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice.

**A.    Plaintiff's allegations**

In his complaint (Dkt. # 1), Plaintiff identifies three defendants: the State of Oklahoma; Stuart L. Tate, Special Judge; and Mike Fisher, Osage County Assistant District Attorney. Plaintiff states that "Judge Stuart Tate was the judge who did not sign warrant for probable cause, and was the judge for preliminary hearing and ruled that enough evidence was found, bound over for DCA, Mike Fisher was/is the ADA in case." Id. at 2. Plaintiff sets forth three causes of action, as follows:

Count 1:   False arrest/false imprisonment, procedural due process – violation of 4th Amendment and 14th Amendment Mike Fisher.
On 9-22-14, Plaintiff was arrested and charged for said crimes, Robb I, Ass w/ deadly weapon, Burglary I. On 9-23-14, warrant was issued and bond given. On 9-24-14, probable cause was filed in district court. On 9-26-14, another warrant issued for same allegations.[1] First warrant never signed by judge.

Count 2:   Negligence, malicious denial of equal protection of law, malicious denial of state or fed. laws due to conspiracy, neglect to prevent conspiracy.
Allowed ADA to falsely arrest and falsely imprison plaintiff on a[n] invalid warrant that was never sign[ed] by him (Judge) Tate.

Count 3:   Intentional infliction of emotional distress (I.I.E.D.)
1) falsely imprisoned, 2) malicious denial of equal protection of law, 3) Judge Stuart Tate, ADA Mike Fisher, 4) loss [sic] wages, 5) loss of family, 6) falsely accused. Mental anguish, pain & suffering, slander.

Id. at 2-3. In his request for relief, Plaintiff asks for "any and all applicable relief that shall be awarded under any and all state and federal laws that's deemed appropriate by a jury or $25,000,000." Id. at 3.

**B.    Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1]The Court notes that the relevant dates, as provided by Plaintiff in his complaint (Dkt. # 1 at 2), appear to be inaccurate. Plaintiff is currently in custody serving sentences entered in Osage County District Court, Case No. CF-2012-360. See https://okoffender.doc.ok.gov/. In that case, Plaintiff was arraigned on September 26, 2012, and bound over after preliminary hearing held on January 14, 2013. See www.oscn.net. On January 23, 2014, a jury convicted Plaintiff of First Degree Robbery (Count 1) and Second Degree Burglary (Count 2). Id. On March 14, 2014, Plaintiff was sentenced to sixteen (16) years imprisonment on Count 1 and two (2) years imprisonment on Count 2, to be served concurrently. Id.

2

defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**C.     Plaintiff's complaint fails to state a claim**

   **1.     Any request for relief from conviction[s] is precluded in this § 1983 action**

To the extent Plaintiff seeks relief from allegedly wrongful convictions, entered in Osage County District Court, Case No. CF-2012-360, his § 1983 claims shall be dismissed without prejudice. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that damages may not be recovered in a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ( "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

In this case, Plaintiff alleges that he was falsely arrested and imprisoned in state court proceedings and that defendants engaged in a conspiracy resulting in his arrest. Success on Plaintiff's § 1983 claims "would implicitly question the validity of [his] conviction[s]." Muhammad v. Close, 540 U.S. 749, 751 (2004). Because Plaintiff fails to allege that he has "achieve[d]

favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence," Plaintiff's § 1983 complaint fails to state a claim and shall be dismissed without prejudice. Id.

To the extent that Plaintiff seeks immediate release from custody, Plaintiff's claims sound in habeas corpus as a challenge to his convictions and sentences rather than in a civil rights action pursuant to 42 U.S.C. § 1983. Accordingly, any such claim brought as part of a § 1983 complaint is subject to being dismissed without prejudice to refiling in a separate habeas action, if appropriate. See Preiser v. Rodriguez, 411 U.S. 475, 476-77, 500 (1973) (holding that habeas corpus, rather than 42 U.S.C. § 1983, was the sole remedy in a prisoner's action for an injunction to compel restoration of credit); Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005) ("A prisoner may use § 1983 to challenge the conditions of his confinement, but habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement."); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (internal quotation marks and citation omitted)).

2. **Claims against the State of Oklahoma are barred by Eleventh Amendment Immunity**

Plaintiff names the State of Oklahoma as a defendant. See Dkt. # 1 at 1. The Eleventh Amendment bars suit in federal court against a state, absent a specific waiver of immunity by the

State or express abrogation of the State's immunity by Congress. Frazier v. Simmons, 254 F.3d 1247, 1253 (10th Cir. 2001). Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment applies regardless of the relief sought. See Higganbotham v. Okla., 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); see also Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). Therefore, any claim brought against the State of Oklahoma shall be dismissed without prejudice based on Eleventh Amendment immunity. See Jones v. Courtney, 466 F. App'x 696, 703 (10th Cir. 2012) (unpublished)[2] (remanding case to district court with instructions to deny prisoner's motion, seeking to hold Kansas Department of Corrections liable for judgment, without prejudice based on Eleventh Amendment immunity); see also Schrader v. Richardson, 461 F. App'x 657, 660 (10th Cir. 2012) (unpublished) ("[T]he district court . . . relied on Eleventh Amendment immunity to dismiss . . . without prejudice, in keeping with our precedent in Korgich v. Regents of N.M. Sch. of Mines, 582 F.2d 549, 550 (10th Cir. 1978).").

### 3. Claims against prosecutor are barred by prosecutorial immunity

Plaintiff also sues Mike Fisher, Osage County Associate District Attorney, because he prosecuted Plaintiff's criminal action. A state prosecutor is entitled to absolute immunity from suit

---

[2]Unpublished opinions cited herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

for civil damages when such suit is based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Plaintiff's claims against Defendant Fisher are based on actions taken during Plaintiff's prosecution and are, therefore, barred by absolute prosecutorial immunity. Plaintiff's request for monetary damages from Defendant Fisher shall be dismissed from this action with prejudice. 28 U.S.C. § 1915A(b)(2).

**4. Claims against special judge are barred by absolute judicial immunity**

Plaintiff complains of actions taken against him by Osage County Special Judge Stuart L. Tate. However, it is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991))). Plaintiff complains of rulings made by Special Judge Tate while presiding over his criminal proceeding. As a result, the judge was "performing judicial acts and w[as] therefore clothed with absolute judicial immunity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); see also Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [(1)] resolve disputes between parties or [(2)] authoritatively adjudicate private rights." (internal quotation and alterations omitted)). Plaintiff's claims for money damages against Osage County Special Judge Tate are dismissed with prejudice based on absolute judicial immunity.

**D.     "Prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. Plaintiff seeks monetary relief from immune defendants. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). This dismissal shall count as a "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff remains obligated to pay in monthly installments the balance owed on the **$350** filing fee for this case.

2. The complaint (Dkt. # 1) fails to state a claim upon which relief may be granted and is **dismissed without prejudice**.

3. The Clerk is directed to **flag** this dismissal as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

**DATED** this 3rd day of May, 2017.

James H. Payne
United States District Judge
Northern District of Oklahoma